## JULY SITTINGS, 1824.

### STEINBRENNER *against* FOSTER and WALMSLEY.

When a person signs the name of a firm to negotiable paper, and his authority to do so is, at the trial, put on the ground of his being a partner, a person holding similar paper is a competent witness for the plaintiff.

ASSUMPSIT for goods sold and delivered.

Plea, general issue.

Isaac Underhill, residing in the city of New York, purchased, from the plaintiff, a quantity of dry goods, in the name of Walmsley, Foster & Co., to whom they were charged on the plaintiff's books. Underhill gave, in payment, a draft at six months, drawn by Walmsley, Foster & Co., on Isaac Underhill, and by him accepted.

Walmsley & Foster, the defendants, resided at Augusta, in the state of Georgia. The draft in question was drawn by Underhill, in the name of Walmsley, Foster & Co., and it appeared that Underhill had made many other purchases in the city of New York, for which he had given similar drafts.

The plaintiff, to establish Underhill's authority to bind the defendants, introduced a variety of testimony, tending to show an actual partnership, by common repute, between the defendants and Underhill, both in New York and

Steinbrenner v. Foster and Walmsley.

Georgia; and, to strengthen this testimony, called a creditor who held one of the drafts, so given by Underhill, in the name of Walmsley, Foster & Co.

*Anthon*, for defendants, objected to him as a witness, and contended, on the authority of *Wheatley* v. *Menheim et al.*, (2 Esp. N. P. Cases, 605,) and *Tyley* v. *Cowling*, (Bull. N. P. 243,) that he was inadmissible on the ground of interest. His testimony being offered to establish a partnership between Underhill and the defendants, and this being the only question involved in the cause, the verdict, with proof of this fact, might be used by the witness in an action on the draft held by him against the same defendants.

BETTS, J. I think the witness admissible. I cannot accede to the authority of the *Nisi Prius* cases cited by the defendants' counsel.(1)

Verdict for plaintiff.

*Lord*, for plaintiff.

*Anthon*, for defendants.

(1) This action seems to have been brought with abundant circumspection. The authority of Underhill being dubious, except upon the supposition of his being a partner, and that fact not being easily provable, the plaintiff was compelled to resort to the form he adopted. This gave him the advantage of putting the defendants to their plea of the non-joinder of Underhill, if he was a partner, which, on that point, would have resulted in an estoppel of record as to that fact in any subsequent proceeding, or of submitting to his appearance on the stand as a witness, to establish his own authority as partner or otherwise, or of resorting to general evidence of partnership, which, if satisfactory, would establish his power to bind the defendants within the scope of the partnership. The latter of the alternatives was resorted

Steinbrenner v. Foster and Walmsley.

to at the trial, and the question in the case, as to the admissibility of a witness, similarly circumstanced with the plaintiff, turned on the conclusiveness of the record against the defendants in any action the witness might bring against them for his demand.

A record, when offered in evidence, may be accompanied with oral evidence showing the issue. *Gardner* v. *Buckbee*, 3 Cow. 120. In this way it might have been proved that this record embraced the question whether Underhill was a partner with defendants, which fact, found affirmatively, would have made his signature, Walmsley, Foster & Co., obligatory on the defendants in an action against them by the witness. Such record, although between different parties, where the party sought to be affected by the evidence, is a party to it, is admissible to charge him as jointly liable with another, where such liability is contested on the trial. *Lawrence* v. *Hunt*, 10 Wend. 80.

This is the position established by Lord Kenyon in *Wheatley* v. *Menheim et al.*, relied upon in the principal case by the defendants' counsel. The fact that there were other parties, plaintiffs, on the record, so offered, was deemed of no importance, inasmuch as the defendants, were parties on the record, and one of them, who denied the partnership, having had the opportunity of rebutting it by every evidence he could offer.

The authority of *Wheatley* v. *Menheim*, seems to be admitted by Greenleaf. *Vide* 1 Greenl. on Ev. 569, in note. It is, therefore, questionable how far the learned judge was right in admitting the witness. The verdict was submitted to by the parties, and the case was never moved again.